UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JESSIE J. BARNES,

              Petitioner,

     v.

DONALD UHLER,

              Respondent.
_____

**ORDER**

6:18-CV-06428 EAW

Petitioner Jessie J. Barnes ("Petitioner"), proceeding *pro se*, is a prisoner incarcerated at the Upstate Correctional Facility. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. 1). Presently before the Court are several motions by Petitioner: a motion to disqualify the undersigned (Dkt. 48) and two motions for sanctions against Respondent and Assistant Attorney General James Gibbons (Dkt. 49; Dkt. 52). The Court addresses these motions in turn.

I. **Motion for Judicial Disqualification**

Petitioner moves for judicial disqualification pursuant to 28 U.S.C. §§ 144 and 455. (Dkt. 48 at 1). Petitioner contends that the undersigned has hostilities and racial animus against Petitioner and was unfairly biased against him in evidentiary rulings in another action. (*Id.*).

Under 28 U.S.C. § 144, a litigant may seek recusal of a judge if the litigant files "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. §

144. "Title 28 U.S.C. § 455(a) requires a judge to recuse [her]self 'in any proceeding in which [her] impartiality might reasonably be questioned.'" *Cox v. Onondaga Cty. Sheriff's Dep't*, 760 F.3d 139, 150 (2d Cir. 2014) (quoting 28 U.S.C. § 455(a)); *see also Walker v. Cuomo,* No. 9:17-CV-0650(TJM/DJS), 2018 WL 6380369, at *1 (N.D.N.Y. Dec. 6, 2018) ("Sections 144 and 455 are complementary, and the grounds for disqualification are the same under both statutes."). "Recusal motions 'are committed to the sound discretion of the district court[.]'" *Abidekun v. N.Y.C. Transit Auth.*, No. 93-CV-5600 (FB), 1998 WL 296372, at *2 (E.D.N.Y. June 4, 1998) (quoting *United States v. Conte*, 99 F.3d 60, 65 (2d Cir. 1996)). "In cases where a judge's impartiality might reasonably be questioned, the issue for consideration is not whether the judge is in fact subjectively impartial, but whether the objective facts suggest impartiality." *Williams v. LaClair*, No. 9:10-CV-635 (GLS/RFT), 2013 WL 1193766, at *3 (N.D.N.Y. Jan. 29, 2013) (citing *Liteky v. United States*, 510 U.S. 540, 548 (1994)), *report and recommendation adopted*, No. 9:10-CV-0635, 2013 WL 1193741 (N.D.N.Y. Mar. 22, 2013).

The undersigned has presided over a number of actions filed by Petitioner, *see, e.g.*, *Barnes v. Harling*, No. 6:10-cv-06164-EAW-MJP (W.D.N.Y.); *Barnes v. Maloy*, No. 6:15-cv-06632-EAW-JWF (W.D.N.Y.); *Barnes v. People of the State of N.Y.*, No. 6:16-cv-06602-EAW (W.D.N.Y.), and is aware that Petitioner has been unhappy with the Court's rulings in many if not all of these cases. Indeed, Petitioner has moved for the undersigned's recusal from his actions on more than one occasion, and all of his motions have been denied. *See Barnes v. Harling*, 368 F. Supp. 3d 573, 590-91 (W.D.N.Y. 2019); *Barnes v. Harling*, No. 10-CV-6164 EAW, 2016 WL 5946482, at *1 (W.D.N.Y. Oct. 12, 2016);

*Barnes v. Alves*, 304 F.R.D. 363, 366 (W.D.N.Y. 2015); *Barnes v. County of Monroe*, 85 F. Supp. 3d 696, 716 (W.D.N.Y. 2015).

Once again, Petitioner is reminded that the fact the Court reached decisions unfavorable to him provides no basis for recusal. *Liteky*, 510 U.S. at 555 ("[J]udicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion. . . . [T]hey require recusal only when they evidence such deep-seated favoritism or antagonism as would make fair judgment impossible."); *Burke v. Baker*, No. 5:19-CV-228, 2021 WL 243040, at *1 (D. Vt. Jan. 25, 2021) ("[A] disagreement with a legal ruling is not a sufficient basis for disqualification of a judge under either 28 U.S.C. §§ 144 or 455(b)(1)."); *Mills v. Poole*, Nos. 1:06-cv-00842-MAT-VEB, 1:11-cv-00440-MAT, 2014 WL 4829437, at *6 (W.D.N.Y. Sept. 29, 2014) ("[Plaintiff]'s claims of bias and impartiality on the part of the undersigned . . . are both conclusory and based entirely on his disagreement with the Court's decisions. This is an insufficient basis for recusal."). Put simply, there is no evidence justifying recusal nor is there any basis for it. Petitioner's speculative claims of bias lack any factual basis and fail to provide grounds for the undersigned's recusal. Accordingly, Petitioner's motion for recusal is denied.

## II.     Motion for Sanctions

Petitioner has also filed two motions for sanctions pursuant to Rule 11 against Respondent and Assistant Attorney General James Gibbons for withholding evidence from the state court record and specifically omitting critical evidence favorable to Petitioner. As relief, Petitioner seeks dismissal of the underlying indictment in its entirety; a requirement that Assistant Attorney General Gibbons file an affirmation setting forth the reasons for

intentionally omitting the documents from the state court record; $25.00 for the costs of filing the instant motion; and such other relief as is warranted.

The Court does not find that the imposition of sanctions is warranted or that it has been demonstrated that it is necessary to require supplementation of the record at this time. The Court will assess the necessity of any purportedly missing documents when it reviews the merits of the Second Amended Petition, and if it finds the state court record to be incomplete, it "will direct the Respondent at that time to supplement the record with the appropriate documents," *Richard v. Girdich*, No. 9:03CV0920 FJSGJD, 2007 WL 405863, at *4 (N.D.N.Y. Feb. 1, 2007), and any renewed motion for sanctions may be addressed. Accordingly, Petitioner's motions for sanctions are denied at this time.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for recusal (Dkt. 48) is denied. In addition, for the reasons set forth above, Petitioner's motions for sanctions (Dkt. 49; Dkt. 52) are denied at this time.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:  March 1, 2021
        Rochester, New York